UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff(s), | ) | No. CR 10-678 CRB (BZ) |
| v. | ) | **REVOCATION ORDER** |
| MAHER TALAL MUHAWIEH, | ) | |
| Defendant(s). | ) | |

On September 29, 2010, I heard the government's Motion pursuant to 18 U.S.C. § 3148(b) to revoke defendant Maher Talal Muhawieh's pretrial release bond. I also addressed a series of violations contained in the Pretrial Services memorandum dated September 28, 2010. At the hearing, defendant was present and represented by Stuart Hanlon. The government was represented by Jeffrey Rabkin.

After hearing the information proffered by both sides, I find pursuant to § 3148(b)(1)(B) by clear and convincing evidence, that the defendant has violated various terms and conditions of his release. Specifically:

    1. He violated his curfew on September 21, 2010 when he

1

1  left his home a few minutes before schedule.
2      2.  He violated the condition that he comply with
3  Pretrial Services instructions in that he did not notify them
4  of his new telephone number.
5      3.  He violated his curfew in that he was not present at
6  the family store when Pretrial Services made an unannounced
7  visit on the evening of September 25, 2010.  For the reasons
8  expressed at the hearing, I do not find his explanation that
9  he had to walk to a grocery store about six blocks away to buy
10 three cases of soda to be a satisfactory explanation for why
11 he was away from the store for over an hour and twenty
12 minutes.
13     4.  He violated the condition that he have no contact
14 with any victim of the alleged scheme.  I carefully admonished
15 defendant that no contact meant no contact, including no
16 electronic communication, such as texting and tweeting.  Even
17 assuming that the initial text message was sent by the victim,
18 the ensuing messages make clear that it was defendant who set
19 up the meeting which resulted in the payment and that
20 defendant had ample opportunity over a period of about a week
21 to advise the victim that he could not communicate with him.
22     5.  I also find pursuant to § 3148(b)(2)(B) that
23 defendant is unlikely to abide by any condition or combination
24 of conditions of release.  Defendant's attitude toward
25 pretrial release has been poor from the beginning and I cannot
26 conceive of any condition of release that he would not try to
27 avoid.
28 ///

**IT IS THEREFORE ORDERED** that his bond be revoked and he is remanded to the custody of the U.S. Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

On order of the court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver him to an authorized Deputy United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 29, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\ORDERS.2010\MUHAWIEH REVOCATION ORDER.wpd